THIBODEAUX, Chief Judge,
dissenting in part.
1¾1 dissent from the majority’s affir-mance of the jury award of $125,000.00 for loss of future earning capacity. The majority’s reference to the testimony of Dr. Lopez is incomplete and somewhat misleading. In response to defendant’s counsel’s question about an 80 percent recovery from surgical intervention and the ability of the plaintiff to perform work following her recovery, Dr. Lopez testified:
If she has — well the first thing is to assume that the cause of her pain now is that condition that would require the fusion. If she’s going to have 80 percent recovery from that, what’s the eighty percent recovery? Is it going to be in the complaints of the neck and shoulders? Or is it going to be in the neuralgia? I find that to be a little bit complicated to try to extract what is it that she’s going to be able to do. If we’re talking about eliminating 80 percent of the things that I saw when or that I interpreted when I evaluated her, yes, I think that she should be able to resume work activities.
Clearly, Dr. Lopez’s opinion was, at best, ambiguous. The above quoted testimony illustrates that even Dr. Lopez found it “a little bit complicated to try to extract what is it that she’s going to be able to do.” In other words, Dr. Lopez could not say what Ms. Wood would or would not be able to do following the assumption of an 80 percent successful recovery. Dr. Wolf, the plaintiffs treating physician, was steadfast pin his response that the plaintiff would have severe physical and occupational limitations.
Further, we must remember that Dr. Wolf was the plaintiffs treating physician. Dr. Lopez, on the other hand, examined the medical records supplied to him and physically examined Ms. Wood for approximately 15 to 20 minutes, according to his own testimony. Our jurisprudence is clear that the testimony of a treating physician is entitled to more weight than that of a non-treating physician, particularly one who is employed for the purposes of litigation, like Dr. Lopez. Winch v. Double M, Inc., 99-1793 (La.App. 3 Cir. 4/5/00), 764 So.2d 1055.
I would amend the jury verdict to increase the award for loss of earning capacity to the lowest reasonable amount under the circumstances, $450,262.00.
For the foregoing reasons, I respectfully dissent.